```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-15-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRIDGEPORT MUSIC, INC., ET AL.      :
                                    :
                    Plaintiffs,     :    05 Civ 6430
                                    :
    - against -                     :    **DECISION AND ORDER**
                                    :
UNIVERSAL MUSIC GROUP, INC., ET AL.:
                                    :
                    Defendant.      :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

### I.   BACKGROUND

Plaintiffs Bridgeport Music Inc. and Southfield Music Inc., (collectively "Bridgeport") brought this action alleging that defendants UMG Recording Inc., Napster, LLC, Apple Computer, Inc., and Yahoo!, Inc. (collectively "UMG") infringed Bridgeport's copyrights to certain musical compositions by, among other means, permitting electronic copying of the works at issue. Following a ruling by the Court resolving a dispute concerning UMG's alleged unauthorized streamlining of the compositions, Bridgeport moved to file a second amended complaint. In its proposed submission, Bridgeport seeks to assert other claims, including naming MusicNet, Inc. ("MusicNet") as a defendant; to add allegations pertaining to the licensing of the disputed compositions for use as cellphone ringtones; and to include other factual matters modifying or expanding upon allegations and claims contained in the existing pleadings.

By Memorandum and Order dated January 10, 2008 (the "Order"), a copy of which is attached and incorporated herein, Magistrate

Judge James C. Francis, IV, to whom this action has been referred for supervision of pretrial proceedings, granted Bridgeport's motion in its entirety. UMG filed objections challenging the Order's findings and conclusions. For the reasons stated below, the Court adopts the Order in its entirety.

## II.   STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. See Fed. R. Civ. P. 72(a); see also DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

UMG contends that in this Circuit the law is unsettled with regards to the issue of whether a Magistrate Judge's order granting leave to amend a complaint is classified as dispositive. See Children First Found., Inc. v. Martinez, No. 04 Civ. 0927, 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007); Calabro v. Stone, No. CV 2003-4522, 2005 WL 327547, at *1 (E.D.N.Y. Jan. 27, 2005). Some uncertainty and arguable differences of opinion do exist among district courts in this Circuit as to the proper classification of a Magistrate Judge's ruling denying a motion to amend a pleading. See Lyondell-City Refining, LP v. Petroleos de Venezuela, No. 02

Civ. 0795, 2005 WL 883485, at *2-3 (S.D.N.Y. Apr. 14, 2005) (citing cases). Nonetheless, the weight of opinion appears to favor treating such rulings as nondispositive. See id. Nonetheless, however the case law may lean on the question as to a denial of leave to amend the pleadings, the prevailing view should apply with greater force to a Magistrate Judge's granting a motion to amend a complaint. Such orders do not remove a party's claims or defenses. Moreover, the underlying motions are reviewed under the liberal standard applicable under Federal Rule of Procedure 15(a), which encourages permitting amendments of pleadings, as opposed to the more consequential standard of futility applied under Rule 12(b) by some courts in denying leave to amend. See id. Absent clear, controlling authority, the Court is not persuaded that a Magistrate Judge's ruling granting a motion to amend a complaint is dispositive under the generally accepted criteria defining the term. See Children's First, 2007 WL 4618524, at *4 (noting an unpublished Second Circuit summary order in which the Circuit Court noted that a motion to amend a complaint to add a claim is nondispositive). Accordingly, in reviewing the Order and UMG's objections, the standard the Court has applied is whether the ruling was clearly erroneous or contrary to law.

### III.  DISCUSSION

UMG argues that adding MusicNet as defendant at this stage of the litigation would be prejudicial, especially in light of the following contentions: (1) Bridgeport's alleged longstanding awareness of MusicNet's role in the underlying events; (2) that Bridgeport seeks to add a new theory of infringement and liability;

(3) that Bridgeport's claims concerning use of the disputed compositions in ringtones are speculative and would be futile to assert at this point; and (4) that the other factual allegations entail matters of which Bridgeport had been aware even prior to filing its original complaint.

Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with Bridgeport's motion and in this proceeding, including the Order and applicable legal authorities, as well as UMG's objections, the Court concludes that the findings, reasoning, and legal support embodied in the Order are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in the Order the Court adopts the Order in its entirety.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Memorandum and Order of Magistrate Judge James C. Francis, IV dated January 10, 2008 (Docket No. 94) is adopted in its entirety, and the objections of defendants herein (Docket No. 102) are GRANTED.

**SO ORDERED.**

Dated:   NEW YORK, NEW YORK
         15 February 2008

_____
VICTOR MARRERO
U.S.D.J.