```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
BRIDGEPORT MUSIC INC. and          : 05 Civ. 6430 (VM) (JCF)
SOUTHFIELD MUSIC, INC.,            :
                                   :    MEMORANDUM
                                   :    AND ORDER
                 Plaintiffs,       :
                                   :
     - against -                   :
                                   :
UMG RECORDINGS, INC., NAPSTER, LLC,:
APPLE COMPUTER, INC., and YAHOO!,  :
INC.,                              :
                 Defendants.       :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08

The defendants in this copyright action previously moved pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order precluding the plaintiffs from disclosing any information designated "Restricted Confidential" to the plaintiff's expert, Ted Cohen. In a Memorandum and Order dated February 22, 2008 (the "February 22 Order"), I found that

> The defendants make a persuasive argument that Mr. Cohen is currently associated with entities that compete or do business with the defendants and that he is likely to provide consulting services to similar entities in the future, creating a risk that disclosing proprietary information to him could cause the defendants competitive harm.

(February 22 Order at 1). However, due to the non-specific nature of the parties' arguments, I concluded that I was unable to conduct the balancing of factors necessary to make a final determination. Accordingly, I denied the motion without prejudice and directed the plaintiffs to identify "the documents and deposition testimony

1

marked Restricted Confidential that the plaintiffs intend to disclose to Mr. Cohen and [] explain the relevance of that information to his expert analysis." (February 22 Order at 2). Then, the defendants would be provided an opportunity to "present any argument why disclosure to Mr. Cohen of the specific information identified by the plaintiffs would cause competitive harm to the defendants." (February 22 Order at 2-3).

The parties attempted to resolve the issue amicably but were unsuccessful, and they have again presented it to me for determination. Unfortunately, the posture of the problem is little changed. The plaintiffs have provided no significant new details concerning the specific evidence they wish to disclose to Mr. Cohen and the need for doing so. Meanwhile, the defendants have identified a more palpable risk associated with providing their confidential information to Mr. Cohen: because of a recent acquisition, a company on whose board Mr. Cohen sits is now a competitor of defendants Napster, Apple, and Yahoo and a business partner of defendant UMG. (Letter of Robert W. Lehrburger dated June 2, 2008 ("Lehrburger 6/2/08 Letter") at 2-3 & Exh. 2). This has left me with a choice between precluding Mr. Cohen from having any access to Restricted Confidential information whatsoever and fashioning a protective order that limits his access without prohibiting it entirely.

The most reasonable result is to adopt the limitations on

2

disclosure to which the defendants were willing to agree during their negotiations with the plaintiffs. The defendants argue that because the plaintiffs did not comply with my February 22 Order, and because no compromise was reached, I should issue the broader protective order that they originally sought. (Lehrburger 6/2/08 Letter at 2). However, the defendants do not suggest that it is improper for me to consider their settlement position, and, indeed, they set it forth at length in a letter to the Court. (Lehrburger 6/2/08 Letter at 6 & Exhs. 3 & 4). The defendants' offer of compromise reflects their understanding that Mr. Cohen can be provided access to certain Restricted Confidential information without a serious risk of economic injury. At the same time, the plaintiffs have failed to convince me that any greater access is warranted.

Conclusion

The defendants' motion for a protective order is therefore granted to the extent that Mr. Cohen shall be provided access to only the following Restricted Confidential information:

1. the currently operative agreements for UMG-Apple, UMG-Napster, UMG-MusicNet, and MusicNet-Yahoo with redactions to protect information relating to (a) pricing, and (b) proprietary technical and policy information including, but not limited to, digital rights management and security;

2. one representative ringtone agreement;

3

3. Restricted Confidential deposition testimony about the above agreements (also subject to redaction); and

4. Polygram/UMG agreements from the 1985-1995 time period, as well as testimony about those agreements.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 25, 2008

Copies mailed this date:

Richard S. Busch, Esq.
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201

Kenneth J. Gordon, Esq.
James M. Thayer, Esq.
Gordon, Gordon & Schnapp PC
437 Madison Avenue, 39th Floor
New York, New York 10023

Robert W. Lehrburger, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710